JULIE ANN BECK,                    )
                                   )          Sumner Circuit
          Plaintiff/Appellee,      )          No.  11117-C
                                   )
VS.                                )
                                   )
JOE OLIVER BECK,                   )          Appeal No.
                                   )          01A01-9710-CV-00547
          Defendant/Appellant.     )

**FILED**

**March 27, 1998**

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE


APPEAL FROM THE CIRCUIT COURT OF SUMNER COUNTY
AT GALLATIN, TENNESSEE

HONORABLE THOMAS GOODALL, JUDGE


Mary Anne Kevil, BPR #11289
Bellevue Professional Center
237 Old Hickory Blvd., Suite 201
Nashville, TN 37221-1353
ATTORNEY FOR PLAINTIFF/APPELLEE


F. Dulin Kelly, BPR #4085
Clinton L. Kelly, BPR #16171
Andy L. Allman, BPR #17857
629 East Main Street
Hendersonville, TN 37075
ATTORNEYS FOR DEFENDANT/APPELLANT


AFFIRMED AND REMANDED.


                              HENRY F. TODD
                              PRESIDING JUDGE, MIDDLE SECTION


CONCUR:

BEN H. CANTRELL, JUDGE
WILLIAM C. KOCH, JR., JUDGE

| | |
|---|---|
| **JULIE ANN BECK,** | ) |
| | )     **Sumner Circuit** |
|     **Plaintiff/Appellee,** | )     **No. 11117-C** |
| | ) |
| **VS.** | ) |
| | ) |
| **JOE OLIVER BECK,** | )     **Appeal No.** |
| | )     **01A01-9710-CV-00547** |
|     **Defendant/Appellant.** | ) |

# **O P I N I O N**

The defendant husband has appealed from post-divorce decree rulings on child support. The issues on appeal relate to the amount of defendant's income, the support from that income required by the guidelines, and the liability of defendant for expert witness fees and attorney fees.

The parties were divorced on July 23, 1993, by decree which required the husband to pay to the wife child support of $1,200 per month or $279.07 per week for three children, plus $100.00 per month for health care insurance, and maintain $100,000.00 insurance on his own life payable to the wife.

On May 31, 1994, the Trial Court entered an order finding the husband's income to be $31,694.57 per year, reducing child support to $821.23 per month with a wage assignment, and increasing health insurance payment to $124.00 per month. The husband was also ordered to reimburse one-half of all uninsured dental and medical expenses and certain other expenses and to secure the $100,000.00 insurance policy. The husband's claim for retroactive relief was denied.

The proceedings under review in the present appeal began on March 21, 1996, by the husband's petition to modify child support and visitation and the right to claim one or more of the children as income tax dependents.

The wife responded in opposition and counterclaimed for criminal contempt for 14 violations of court orders and increase in support.

One year later, on April 23, 1997, the Trial Court entered judgment reducing child support to $200.00 per week including the medical and dental insurance, awarding the wife a judgment for $2,145.79 arrearage, $3,600.00 accountant fees and $4,500.00 attorneys fees. The wife's petition for contempt was denied.

On May 27, 1997, in response to a post judgment motion, the Trial Court relieved the husband of clerk's fees on support payments made direct to the wife under the wage assignment order.

On appeal, the husband presents the following issues:

> I. The Trial Court erred in the calculation of Joe Oliver Beck's income thereby requiring him to pay a higher child support obligation than is required under the Tennessee Child Support Guidelines.
>
> II. The Trial Court erred in requiring Joe Oliver Beck, Jr. to pay the expert witness fee of David Evans Mensel and Julie Ann Beck's attorney's fees.

**First Issue**

**<u>CHILD SUPPORT</u>**

Appellant's primary income source is his pay as a welder, which is $13.25 per hour for his labor and $6.50 per hour for rental of his equipment and supplies.

Appellant filed the following statement of his 1996 income:

JOE BECK
1996 Income

Gross Income:                                    $26,701.60

Less Expenses:
     Truck Expenses        $2,998.34
     Truck Insurance            680.00
     Truck Payment            5,655.46
     Business Supplies        1,352.95
                  $10,686.74

Less Taxes:
     Medicare and S.S.
       (15.2%)                $2,434.26
     Federal Tax              1,675.44
     Court Ordered
      Disability Ins.          1,032.00
                  $5,141.70

          Net per year          $10,873.15
          Net per month         $   906.10
          Child Support         $   311.00

During 1996, appellant's employer was required by the May 31, 1994 order to deduct $821.23 per month from his wages. His statement of income for 1996 apparently does not include this amount in his gross income, which is the basis for computing support under child support guidelines. His allegations of expenses are supported by a summary compiled by a bookkeeping service from a hodge-podge collection of "charge tickets" and kindred papers. Said expenses apparently make no distinction between legitimate business expenses and personal living expenses.

The Trial Judge was understandably baffled by the confusion of evidence presented by appellant; and this Court suffers a similar reaction.

As the party seeking a modification of child support based upon change in income, the husband had the burden of supporting his application with satisfactory evidence. He failed to sustain this burden.

The evidence does not preponderate against the judgment of the Trial Court in respect to the amount of appellant's income or the amount of child support he should pay.

**Second Issue**

**<u>FEES OF EXPERT AND ATTORNEY</u>**

Appellant faults the testimony of the wife's expert as inaccurate, unreliable and of no value to the Court. This Court cannot disagree with this contention, yet it does not seem just to penalize the wife who found it necessary to seek assistance in extracting the true facts from appellant and who, so far as this record shows, obligated herself to pay an expert whose competency is not questioned except upon his failure to penetrate the mysteries of the husband's finances.

Under the circumstances, the evidence does not preponderate against the judgment of the Trial Court requiring appellant to bear a part of the expense of rebutting his claims of meager income.

Appellant also questions the allowance of part of the fees of the wife's attorney in defending against the husband's attempts to reduce child support. It is well established that a non-custodial parent may be held liable for legal expenses incurred by the custodial parent in protecting the right of children to support. TCA § 36-5-103(c).

The evidence does not preponderate against the judgment of the Trial Court in respect to the award of attorney fees.

The wife requests the Court to award attorney's fee on appeal. In the exercise of its discretion, this Court declines to do so.

The judgment of the Trial Court is affirmed.  Costs of this appeal are assessed against the appellant and his surety.  The cause is remanded for further necessary proceedings.

-6-

**AFFIRMED AND REMANDED**


_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION


CONCUR:


_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE